**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:11 CR 586 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Steven Robert Hinz, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Under § 2255 (Doc. 156) and Motion for Evidentiary Hearing (Doc 158). For the following reasons, both motions are DENIED.

**Facts**

Attorney Thomas Conway was originally appointed to represent defendant in this case. Defendant then indicated that he wished to proceed *pro se,* and attorney Conway filed a motion to withdraw as counsel. The motion was initially denied but a second motion to withdraw was granted. Attorney William McGinty was appointed as standby counsel to assist defendant.

Thereafter, defendant filed a motion to withdraw McGinty. McGinty remained in a standby position. Defendant withdrew his not guilty plea and following a guilty plea, he was convicted of conspiracy to defraud the United States, making a false personal income tax return, conspiracy to commit bank fraud, and two counts of aiding and abetting the preparation and presentation of false returns. This Court entered the judgment of conviction and sentence on February 1, 2013. On March 22, 2013, defendant filed a *pro se* notice of appeal. On April 23, 2013, the Sixth Circuit Court of Appeals granted McGinty's motion to withdraw as counsel. On May 6, 2013, defendant filed a *pro se* motion in the Sixth Circuit to enlarge time to file his appeal. By Order of June 13, 2013, the Sixth Circuit dismissed the appeal for lack of appellate jurisdiction given its untimeliness. The court noted that although the district could extend the time for appeal, a court of appeals cannot grant such an extension. By Order of September 16, 2013, the Sixth Circuit denied defendant's motion for rehearing of the June 13 Order and for reinstatement of the appeal. No further appeals were taken.

On November 18, 2016, defendant filed this § 2255 motion. Defendant's motion raises three grounds for relief. Ground One asserts ineffective assistance of counsel for failure to file his notice of appeal although instructed to do so. Ground Two asserts that Amendment 790-794 to the United States Sentencing Guidelines should be applied retroactively to defendant's sentence. Ground Three asserts that this Court erred in calculating the losses attributed to the offense.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the

United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### Discussion

The government argues that the § 2255 motion is untimely.  This Court agrees. The AEDPA "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631(6th Cir. 2012). Specifically, 28 U.S.C. § 2255(f) mandates that a "1-year period of limitation shall apply to a motion under this section." Defendant had one year to file his motion from the date on which the judgment of conviction became final. § 2255(f)(1).  Defendant's sentence was entered on February 1, 2013.  He appealed on March 22, 2013. The Sixth Circuit dismissed the appeal as untimely on June 13, 2013, and denied a request for rehearing on September 16, 2013. Defendant did not file a petition for a writ of certiorari in the United States Supreme Court. Defendant did not file the herein motion until November 2016- well outside the one year period after his judgment of conviction became final.

Even so, USSG § 1B1.10(d), which lists the applicable amendments upon which a court may reduce a term of imprisonment as a result of an amended guideline, does not include Amendment 794.  Thus, the amendment upon which defendant relies may not be used to reduce

3

his sentence. *See also United States v. Branstetter,* 2016 U.S. Dist. LEXIS 117359 (E.D.Ky Aug. 3, 2016) (citing *United States v. Goodloe*, 388 Fed.Appx. 500 (6th Cir. 2010) (If an amendment is not listed in § 1B1.10, it cannot be applied in a resentencing proceeding.) Finally, "Stand-alone claims challenging restitution are not cognizable under § 2255." *United States v. Spraggins,* 2016 WL 3254580 (E.D. Mich. June 14, 2016) (quoting *Singh v. United States*, 2009 WL 1770656 (W.D. Mich. June 23, 2009)).

For these reasons, defendant's Motion to Vacate is denied and his Motion for Evidentiary Hearing is denied as unnecessary.

**Conclusion**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

    IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 1/11/17